**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ANGEL G.A., | |
| Petitioner, | |
| v. | Case No. 26-cv-01832-SRB-LIB |
| PAMELA BONDI, et al. | |
| Respondents. | |

## ORDER

Before the Court is Petitioner Angel G.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition").  (Doc. #1.)  In part, the Petition alleges that Petitioner "is a citizen of Ecuador and a resident of Ellsworth, Wisconsin, who is currently being held at the Sherburne County detention center in Elk River, Minnesota."  (Doc. #1, p. 2.)  Petitioner states that he has been in the United States since 2015.  Petitioner provides that ICE arrested him on December 19, 2025.  An immigration judge ordered Petitioner's removal on March 4, 2026.  Petitioner intends to appeal that decision.

In an Order dated March 12, 2026, the Court ordered Respondents to file an answer to the Petition on or before March 16, 2026.  (Doc. #3.)  The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #3, ¶ 2.)  The Order further required Respondents to "attach the warrant to their answer" if one was issued for Petitioner's arrest.  On March 16, 2026, Respondents filed an answer which states in part that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided." (Doc. #5, p. 2.)  Respondents also attached a copy of a warrant

for Petitioner's arrest that is dated the same day as the arrest.  Respondents maintain, however, that Petitioner is detained pursuant to "8 U.S.C. § 1225(b)(2)(A), as Petitioner falls under the statutory definition of an 'applicant for admission,' *see* 8 U.S.C. § 1225(b)(1), and an examining immigration officer has determined that Petitioner is 'not clearly and without a doubt entitled to be admitted.'" 8 U.S.C. § 1225(b)(2)(A).  Respondents make no additional arguments regarding the applicability of I-200 arrest warrant.

As Respondents attached a copy of an I-200 arrest warrant, the Court assumes Respondents would like the Court to infer that the warrant authorizes Petitioner's detention under 8 U.S.C. § 1226(a) instead of § 1225(b).  Section 1226 provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538 (ECT/DTS), 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (internal citation omitted).  Petitioner has provided in an affidavit that he was not served with a warrant for his arrest by immigration authorities.  *See* (Doc. #8, p. 2.)

Here, Respondents have failed to attach an affidavit that shows an arrest warrant was issued prior to the detention of Petitioner or the legal basis for the warrant.  As such, the Court agrees with Petitioner that:

> In this case, Respondents allege the existence of a warrant in this case by simply appending a purported warrant to their Answer, without any verification or authentication. Respondents presumably know who created, signed, and served the warrant, and could have produced an affidavit from the signatory of the warrant offering an explanation for its factual basis and confirming the warrant was properly drawn up. Respondents chose not to do so, and the warrant's deficient and vague contents do not speak for themselves.

(Doc. #7, p. 6.)

As for Respondents' argument that § 1225(b)(2) applies to Petitioner, the Court rejects that argument.  This case is one of many filed in recent months in this district challenging the

application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute.  This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them.  *See, e.g., Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "As Respondents did not comply with the plain language of § 1226(a), Petitioner's immediate release is justified." *Sergio P.,*, 2026 WL 497290, at *3 (D. Minn. Feb. 23, 2026) (cleaned up).

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention.  Consequently, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Angel G.A.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** immediately to release Angel G.A. from custody but no later than 48 hours from the date of this Order;

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time;

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents;

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release;

6. The Court **ORDERS** Respondents to notify the Court within 24 hours of Petitioner's release, confirming that the release has occurred.  If Petitioner has not been released as ordered, Respondents should immediately notify the Court of when he will be released.

7. Finally, any questions about release logistics, detainee property, or conditions of release shall be sent to StPaul.Outreach@ice.dhs.gov in the first instance.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 19, 2026                                    *s/Stephen R. Bough*

                                               Stephen R. Bough
                                               United States District Judge